**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEVI NEWTON,

    Plaintiff,

vs.                                          Case No:  3:13-cv-1017-J-32MCR

WELLS FARGO BANK N.A.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Strike (Doc. 9) filed October 1, 2013.  Plaintiff filed a response in opposition to this Motion on October 14, 2013.  (Doc. 13).  After receiving permission to do so, Defendant filed a Reply (Doc. 16) on October 25, 2013.  Accordingly, the matter is now ripe for judicial review.

### I.  BACKGROUND

On August 20, 2013, Plaintiff filed the Complaint in this case alleging Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, by using "illegal efforts to collect a consumer debt from Plaintiff."  (Doc. 1, ¶1).  Plaintiff's Complaint includes a demand for a jury trial.  (Doc. 1, p.3).  On October 1, 2013, Defendant filed the instant motion asking the Court to strike Plaintiff's jury demand as the mortgage agreement (the "Mortgage") executed by Plaintiff and his wife contained a jury trial waiver provision.

## II.  ANALYSIS

Defendant urges the Court to strike Plaintiff's jury trial demand on the grounds that Plaintiff waived any right to a jury trial in the Mortgage executed by Plaintiff and his wife.  While there is no dispute that Plaintiff would be entitled to a jury trial on his claims for violations of the TCPA, that right is subject to waiver so long as the waiver is knowing and voluntary.  See Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 F. App'x 820, 823 (11th Cir. 2006) (citing Brookhart v. Janis, 384 U.S. 1, 4-5, 86 S.Ct. 1245, 1246-47 (1966)).  In this case, Plaintiff does not dispute that the waiver was knowing and voluntary.  Rather, Plaintiff argues his TCPA claims are not within the scope of the waiver provision.

"To determine if a claim falls within the scope of a clause, [the Court must] look to the language of the clause."  Bahamas Sales Assoc., LLC v. Byers, 701 F.3d 1335, 1340 (11th Cir. 2012) (citing Slater v. Energy Services Grp. Int'l, Inc., 634 F.3d 1326, 1330–31 (11th Cir. 2011)).  Paragraph 25 of the Mortgage, which contains the waiver provision, provides:

> **Jury Trial Waiver**.  The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. 9, Ex. A, ¶25).  Accordingly, the Court must determine whether Plaintiff's TCPA claims either arise out of or are "in any way related to" the Mortgage.

While the Court is not certain that the TCPA claims arise out of the Mortgage, it certainly seems they are in some way related to the Mortgage.  The Eleventh Circuit has determined that a claim "'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'"  Byers, 701 F.3d at 1340-41

(quoting Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109, 1116 (11th Cir. 2001)).  The Byers court went on to observe:

> the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily "relates to" that agreement.  Int'l Underwriters AG v. Triple I: Int'l Investments, Inc., 533 F.3d 1342, 1347 (11th Cir. 2008).  The phrase "'related to' marks a boundary by indicating some direct relationship." Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204, 1218 (11th Cir. 2011).  Requiring a direct relationship between the claim and the contract is necessary because, "[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminacy, it would have no limiting purpose because really, universally, relations stop nowhere."  Id. at 1218–19 (quoting New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 1677 (1995)) (alteration in original) (internal quotation marks omitted).

Id. at 1341.

In Byers, the defendant, Mr. Byers purchased a lot in a subdivision in the Bahamas from Ginn-LA West End Limited ("Ginn-LA").  Id. at 1338.  Byers and Ginn-LA signed a purchase agreement, which contained a forum selection clause requiring all disputes to be litigated in Bahamian courts.  Id.  After entering into the purchase agreement, Byers obtained mortgage financing from Bahamas Sales.  Id.  The mortgage note contained its own forum selection clause requiring disputes involving the mortgage to be litigated in Florida.  Id.  At some point thereafter, Byers failed to make payments on the mortgage note and Bahamas Sales sued him in Florida.  Id. at 1339.  Byers filed a counterclaim alleging Bahamas Sales and three other entities participated in a scheme to provide fraudulent appraisals in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Id.  Bahamas Sales filed a motion to dismiss the counterclaim, arguing venue was only proper in the Bahamas due to the forum

selection clause in the purchase agreement. The district court agreed and dismissed the counterclaim. Byers appealed and the Eleventh Circuit reversed.

In reaching its decision, the Eleventh Circuit found that Byers's claim of fraudulent appraisals was not directly related to the purchase agreement as it was "'not a fairly direct result of the performance of contractual duties' under the purchase contract." Id. at 1341 (quoting Telecom Italia, 248 F.3d at 1116). Moreover, the court noted that the purchase agreement at issue was not the source of the parties' relationship because the counterclaim defendants were not even signatories to the agreement. Id.

In the instant case, unlike the Byers case, the Mortgage is the sole source of the parties' relationship. Moreover, Plaintiff acknowledged that the reason Defendant was placing the alleged illegal telephone calls was to collect a debt. (Doc. 1, ¶1). Further, Plaintiff admitted that the debt was the Mortgage with Defendant. (Doc. 1, ¶5). The undersigned is satisfied the claims for violations of the TCPA are "a fairly direct result of the performance [or in this case, nonperformance] of contractual duties," namely, Plaintiff's failure to make his payments pursuant to the Mortgage. Thus, Plaintiff's claims are within the scope of the waiver provision and Defendant's Motion to Strike is due to be granted.[1]

Accordingly, after due consideration, it is

---

[1] The Court disagrees with Plaintiff's suggestion that it should adopt the holdings in Dorn v. Bank of America, No. 8:12-cv-510-T-23TGW (Order entered July 23, 2012) or Jones v. Bank of America, No. 8:12-cv-419, 2012 WL 3065381 (M.D. Fla. July 27, 2012). In both cases, the same defendant filed identical two-page motions to strike in which the defendant provided no argument regarding how the plaintiff's debt collection claims related to the mortgage. In the instant case, the Court is satisfied Defendant has made a sufficient showing and that Plaintiff's TCPA claims are sufficiently "in any related" to the mortgage as that term is interpreted by the Eleventh Circuit.

**ORDERED:**

The Defendant's Motion to Strike (Doc. 9) is **GRANTED**.  Plaintiff has waived his right to a jury trial and therefore, his jury demand is hereby stricken.

**DONE** and **ORDERED** in Jacksonville, Florida this 30th day of October, 2013.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record